**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO TORRES-HERNANDEZ, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-72984 Agency No. A079-149-444 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 16, 2014
Pasadena, California

Before: REINHARDT and CHRISTEN, Circuit Judges, and SEDWICK, District
Judge.[**]

Petitioner, Santiago Torres-Hernandez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA) denial of his

motion to reopen. In that motion, Torres-Hernandez argued that his case should be

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John W. Sedwick, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

reopened due to the ineffective assistance of his two prior attorneys and because he offered new evidence in support of his application for cancellation of removal. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The BIA did not abuse its discretion in denying Torres-Hernandez's motion as untimely. The motion to reopen was filed almost three years after the final order was issued and does not fall within any of the exceptions for timeliness. 8 C.F.R. § 1003.2(c)(2)–(3). Equitable tolling of the time limit may apply in certain instances, including when an individual has been represented by ineffective counsel, *Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir. 2003), but Torres-Hernandez has not raised the issue of equitable tolling to the BIA, and it is therefore unexhausted. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011).

In light of our disposition, we do not reach Torres-Hernandez's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**